UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROSEMARY WAHL AND RONALD KACZOR
o/b/o C. K., a minor.

                            Plaintiffs,

v.                                     Civil Action No. _____

STELLAR RECOVERY, INC.

                            Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Rosemary Wahl, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff, Ronald Kaczor, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant, Stellar Recovery, Inc. is a business corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. At all times relevant herein, Plaintiffs were and are a "person(s)" as defined by 47 U.S.C.§153(32).

10. Defendant at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

11. At all times relevant herein, Defendant have used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

12. Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

13. Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

14. Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

15. Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

16. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

17. That Plaintiffs' daughter, a minor, has not incurred debt. The debt allegedly belongs to a "Yolanda Lewis." This debt will be referred to as "the subject debt."

18. That upon information and belief, the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. Upon information and belief, neither Plaintiffs nor the Plaintiffs' daughter defaulted on the subject debt.

20. Upon information and belief, Defendant was employed by the original or subsequent creditor to collect on the subject debt.

21. Between June of 2010 to present, Plaintiffs' daughter, C. K., received multiple calls from the Defendant to her cellular telephone for a "Yolanda Lewis." Plaintiff Ronald Kaczor and his daughter both informed the Defendant multiple times that the number they were calling was not a good number for Yolanda Lewis and that they did not know who she was. They further instructed the Defendant to stop calling C.K's cellular telephone.

22. That despite this instruction, Defendant continued to call C.K's cellular telephone.

23. That Plaintiffs never gave permission or consent to Defendant to call their daughter's cellular telephone.

24. That C.K. never gave permission or consent to Defendant to call her cellular telephone.

25. Defendants initiated multiple telephone calls to C.K. cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

26. Defendants also sent text messages to Plaintiffs' daughter's cellular telephone.

27. That Plaintiffs never gave permission or consent to Defendant to text their daughter's cellular telephone.

28. That C.K. never gave permission or consent to Defendant to text her cellular telephone.

29. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and continues to suffer from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

30. Plaintiffs repeat, reallege and incorporate by reference the allegations contained in paragraphs 1 through 29 above.

31. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(3) and 15 U.S.C. §1692c(a)(1) by contacting Plaintiff's daughter on her cellular telephone despite being told repeatedly that Plaintiff's daughter was not "Yolanda Lewis."

B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiffs' daughter's cellular telephone to ring, the natural consequence of such action was annoying, abusive or harassing to Plaintiffs' daughter.

C. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by continuing to attempt to collect the subject debt from the Plaintiffs and or their daughter.

D. Defendant violated 15 U.S.C. §1692f(5) by calling Plaintiffs' daughter's cellular telephone and causing her to use her prepaid minutes.

32. That as a result of the Defendant FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

40. Plaintiffs repeat, reallege and incorporate by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

41. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiffs' daughter's cellular telephone using an automated telephone dialing system and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiffs or their daughter, to leave such messages.

42. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

43. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

44. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiffs to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiffs and their daughter, and disturbed his peace and tranquility at home and elsewhere.

45. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint,

caused the Plaintiffs and their daughter to sustain damages and experience severe emotional distress.

46. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys' fees.

47. Plaintiffs' daughter received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiffs to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

48. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiffs to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3)

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the Defendant for:

(a)  Actual damages;

(b)  Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c)  Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e)  For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated:  January 2, 2013

    /s Seth J. Andrews, Esq
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiffs*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
    khiller@kennethhiller.com