UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROSEMARY WAHL AND RONALD KACZOR
o/b/o C.K., a minor,

                                                     Plaintiffs,

                                                                                DECISION & ORDER

v.

                                                                                Case No. 14-CV-6002-FPG

STELLAR RECOVERY, INC.,

                                                     Defendant.

---

This is a decision on Defendant's Motion to Stay Proceedings in this case under the doctrine of "primary jurisdiction"[1] until the Federal Communications Commission ("FCC") decides several pending petitions[2] seeking declaratory rulings for clarification of the following: (1) whether the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") applies to non-

---

[1] There is "no fixed formula," *United States v. Western. Pac. R.R. Co.*, 352 U.S. 59, 64 (1956), but the relevant inquiry into whether an agency has "primary jurisdiction" involves the following analysis of four pertinent factors:

    (1) Whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular filed of expertise;
    (2) Whether the question at issue is particularly within the agency's discretion;
    (3) Whether there exists a substantial danger of inconsistent rulings; and
    (4) Whether a prior application to the agency has been made.

*Ellis v. Tribune Television Co.*, 443 F.3d 71, 82-83 (2d Cir. 2006) (citing *Nat'l Commc'ns Ass'n, Inc. v. AT&T Co.*, 46 F.3d 200, 222 (2d Cir. 1995); *United States v. Dish Network, L.L.C.*, No. 09-3073, 2011 U.S. Dist. LEXIS 10943, *7 (C.D. Ill., February 4, 2011).

[2] According to Defendant, the pending petitions before the FCC are:

    *In re Rules and Regulations Implementing the Telephone Consumers Protection Act of 1991, Petition of ACA, International*, CG No. CG 02-278 (January 31, 2014);

    *In re Communication Innovators' Petition For Declaratory Ruling*, Dkt. No. 02-278 (June 7, 2012);

    *In re GroupMe, Inc./Skype Communications S.A.R.L's Petition for Expedited Declaratory Ruling & Clarification*, CG Dkt. No. 02-278 (March 1, 2012);

    *In re YouMail, Inc.'s Petition for Expedited Declaratory Ruling*, CG Dkt. No. 02-278 (April 19, 2013); and

    *In re Petition for Rulemaking of ACA International*, CG Dkt. No. 02-278 (January 31, 2014).

telemarketing calls made by debt collectors; (2) whether dialing systems that employ predictive technology, such as those used by debt collectors, constitute Automatic Telephone Dialing Systems ("ATDS") under the TCPA; (3) whether dialing equipment must have the current capacity to generate and dial random or sequential numbers to be an ATDS---not mere theoretical capacity if modified by hardware or software; and (4) asking the FCC to establish a safe harbor for autodialed "wrong number" non-telemarketing calls to wireless numbers. Def.'s Mot., ECF No. 15; Def.'s Mem. 6, ECF No. 15-1. Plaintiffs have responded (Pl.'s Resp., ECF No. 17), and Defendant has replied (Def.'s Reply Mem., ECF No. 18).

Defendant has also submitted copies of recent correspondence between members of Congress and FCC commissioners indicating that it hopes to resolve the issues soon. Def.'s Ex. F, ECF No. 15-8. Defendant asserts that it has informed Plaintiffs that its dialing equipment does not have the present capacity to store or produce random or sequential numbers for dialing. Labaki Decl. ¶ 2, ECF No. 15-2.

According to Defendant, an FCC ruling could dispose of Plaintiffs' case in which the Complaint alleges that Defendant, a third party collection agency, violated the TCPA by allegedly using an ATDS to call Plaintiffs' minor daughter's cell phone without their or their daughter's consent; that such calls, texts, voicemails placed to the minor between June 2010 and January 2, 2013 using an ATDS were intended for a "Yolanda Lewis" and were for the purpose of collecting a debt from "Yolanda Lewis." Compl. ¶¶ 17-28; 40-48, ECF No. 1; Def.'s Mem. 6, ECF No. 15-1. The Complaint also alleges a cause of action under the Fair Debt Collection Practices Act, 15 USC § 1692, *et seq*. ("FDCPA"). Compl. ¶¶ 30-32. Defendant further states that an FCC ruling would clarify existing rules in place since 1991, before new technology's impact and the burgeoning cell phone usage, would be retroactive, as well as prospective, and would resolve the conflict in decisional authorities around the country which have arrived at

different conclusions. Def.'s Mem. 14-21, ECF No. 15-1; Def.'s Reply Mem. 4-8, 10-14, ECF No. 18.

As additional support for the Motion to Stay, Defendant has referred the Court's attention to recent decisions by other federal courts granting stays (*see, e.g., Hurrle v. Real Time Solutions, Inc.*, No. C13-5765 BHS, 2014 WL 6706039, at *1 (W.D. Wash., Tacoma Div. February 20, 2014); *Higgenbotham v. Diversified Consultants, Inc.*, No. 13-2624-JTM, 2014 WL 1930885, at *3 (D. Kan. May 14, 2014)) and two recent Buffalo cases arising in the Western District of New York wherein the district judge granted similar stay requests, namely: *Passero v. Diversified Consultants, Inc.*, 1:13-CV-0338 (Curtin, W.D.N.Y. May 28, 2014) and *Gervasio v. Diversified Consultants, Inc.*, 1:13-CV-0796 (Curtin, W.D.N.Y. July 7, 2014), on consent of plaintiff Gervasio. Def.'s Mem. 7-8, ECF No. 15-1; Def.'s Reply Mem. 4, ECF No. 18. Defendant also cites a third case filed in Rochester, New York which was fully briefed and argued on August 26, 2014 before Magistrate Judge Jonathan Feldman who granted a stay for six months pending new legislation: *Dorf v. Diversified Consultants, Inc.*, 6:13-CV-6374 (Feldman, W.D.N.Y. August 26, 2014).[3] The *Dorf* matter is awaiting submission of a proposed order by defendant.

Plaintiffs oppose the stay request, arguing that (1) the doctrine of "primary jurisdiction" assumes the issue presented one of first impression and is inapplicable in this case where on multiple occasions in the past the FCC has determined that predictive dialing equipment typically used by a debt collection agency is an ATDS under the TCPA; (2) the FCC's 2003 TCPA Order or the 2007 Declaratory Ruling is final and binding on this Court; (3) the dual allegations in the Complaint concern both the TCPA and the FDCPA, but the anticipated FCC ruling on the TCPA has no bearing on the FDCPA portion of the case; and (4) Plaintiffs would

---

[3] In the enclosure letter submitting courtesy copies of the Motion and Reply papers to the Court, Defendant cited *Dorf*.

be prejudiced by delay of judicial resolution of this action, as it prolongs having their day in court; any FCC ruling would be prospective only. Pl.'s Resp. 2-12, ECF No. 17.

Applying the primary jurisdiction factors to this case, I find that granting the requested stay is reasonable in the circumstances presented. First, evolving technology has made this issue more than just about a debt collector calling a consumer's cell phone without consent. This issue involves technical and policy considerations within the FCC's expertise. The petitions pending before the FCC (*see* Labaki Decl., Ex. A-E, ECF Nos. 15-3, 15-4, 15-5, 15-6, 15-7), offer insight into the complexity of the technical and policy issues, the resolution of which is outside the conventional experience of this Court. Second, it is this Court's opinion, the FCC will be called upon to exercise its considerable discretion in resolving the issues presented. Third, the substantial danger of inconsistent rulings is at hand based upon the number of cases cited within Plaintiffs' and Defendant's papers which have arrived at different conclusions respecting these issues. Moreover, the FCC's apparent willingness to offer guidance to the communications industry, Congress, and consumers seems to be a signal that resolution of some, or all, of the issues covered in the pending petitions, may soon be forthcoming. Fourth, the pending petitions before the FCC make clear that its prior rulings and pronouncements may insufficiently address these concerns and the opportunity seems ripe to provide much-needed clarification. Finally, I do not believe Plaintiffs have articulated any real prejudice which would warrant this Court's refusal to grant the stay, especially, given the position of other judges within the Western District of New York.

For the reasons set forth herein above, I hereby **GRANT** the Defendant's Motion for a Stay of the Proceedings, including discovery and other pretrial proceedings, until a decision is issued by the FCC addressing the issues raised in any of the pending petitions and relevant to the claims raised in this case. Additionally, within 14 days of the FCC's ruling, Defendant shall

advise the Court in writing regarding the issuance of the ruling and request a date for a Status Conference at which the Court will set an appropriate schedule for further proceedings. If the FCC does not issue a ruling on the pending petitions by December 18, 2014, Defendant shall file a status report regarding any steps taken by the FCC toward resolution of the petitions.

IT IS SO ORDERED.

Dated: September 18, 2014
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge